## CHARLES A. MERRICK, Appellant, v. EBEN BUTLER, Executor, &c., of NARCISSA VOORHEES, deceased, Respondent.

(GENERAL TERM, FIFTH DISTRICT, DECEMBER, 1869.)

In an action upon a promissory note, brought by one who has taken it for value, but after maturity, the maker may defend, upon the ground that the note was given, solely as protection against a mortgage executed and delivered to him by the payee to prevent a collection out of the mortgaged property of penalties incurred by the violation of law.

It is also a sufficient defence to the suit if while the note was in the hands of the payee, the maker, without consideration, acknowledged satisfaction of the mortgage.

APPEAL from a judgment for the defendant on the report of a referee, who was appointed by the stipulation of the parties, with the approval of the surrogate, pursuant to the statute, and filed in the office of a clerk of this court.

The claim was tried before the referee who found as matters of fact, that Narcissa Voorhees, in her lifetime and on the 22d of February, 1864, executed to one John Hutchinson, who was her brother, her promissory note in writing, by which on the 1st day of April then next, she promised to pay to him or bearer, $289.63, with interest for value received.

That after her decease, and after the note became due, and before the commencement of these proceedings, Hutchinson for a valuable consideration, sold and transferred the note to the plaintiff, who has since owned the same, and that no part thereof has been paid. That the only consideration for the note was, that some years previous to its execution, Hutchinson, who was then engaged in merchandising, and who was being troubled on account of intoxicating liquors, sold or alleged to have been sold by him, and for the purpose of covering up his real estate from being charged with any penalties, or liabilities on account of such sales, executed to her a mortgage on his said real estate, and that at the same time, she executed to him a promissory note for an amount equal to the mortgage, for the purpose of protecting him against it. That when said note was nearly barred by the statute of limitations, the note in question was given by her, it being for the amount of the original note with its interest, and the original note was taken up by her; that the mortgage was executed solely for the purpose aforesaid, and the note in question was given only in lieu of the prior one; that no money was ever paid on the mortgage or received by Mrs. Voorhees thereon, or on account of the note, and that when the mortgage was satisfied by her, there remained no further consideration for this note. And as matter of law, he found that the plaintiff could not recover and ordered judgment for the defendant with costs, which was entered, and from which the plaintiff appealed.

Merrick *v.* Butler.

*H. L. Green,* for the appellant.

*E. Butler,* for the respondent.

Present—BACON, FOSTER and MULLIN, JJ.

By the Court—FOSTER, J. The testimony fully justified the finding of fact in this case ; and the question is, was Narcissa Voorhees, liable in her lifetime on the note ; and especially, was she so liable after she acknowledged satisfaction of the mortgage which Hutchinson executed to her.

The plaintiff purchased the note long after it became due, and after the death of the maker, and he was not therefore a *bona fide* holder for value, and had no greater rights as its holder, than Hutchinson had, while the note was owned by him.

The case of *Nellis* v. *Clark,* in error (4 Hill, 424), is conclusive on the point, that in an action on a promissory note brought by one not entitled to be treated as a *bona fide* holder, the maker may defend on the ground, that the note was given in consideration of land sold for the purpose of defrauding creditors, and this though, he himself was a party to the fraud ; and, of course, the rule is the same, where the note was given in consideration of a mortgage upon the property where the purpose was the same.

Again, while Hutchinson was the holder of the note, Narcissa Voorhees acknowledged satisfaction of the mortgage without consideration therefor, and therefore, independent of the question of fraud, he had no valid claim against her on the note, and the debt created thereby was extinguished, and the plaintiff who purchased it afterward, and after it was due took it subject to each of the above defences.

The judgment should be affirmed.

All concurring. Judgment affirmed.